Reed, J.
On the 2d day of June, 1881, J. W. Deane was the county and probate judge of Pitkin county, and as such made application to enter, at the district land office, the town site of Aspen, under the provisions of the act of congress of March 2,1867.
The application was accepted and the necessary money to perfect the entry was paid. From causes not necessary to be here stated the entry was suspended, and so remained until the 3d day of March, 1885, when the patent issued.
The portion of the statute necessary to be considered is as follows, § 2387, Rev. Stat. U. S.:—“.....It is lawful, in case such town be incorporated, for the corporate authorities thereof, and if not incorporated, for the judge of the county court for the county in which such town is situated, to enter at the proper land-office, and at the minimum price, the land so settled and occupied in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust, as to the disposal of the lots in such town, and the proceeds of the sales thereof, to be conducted under such regulations as may be prescribed by the legislative authority of the state or tertory in which the same may be situated.”
The granting clause in the patent issued is as follows:
“ ‘Now know ye, the United States of America, in consideration,’ etc., ‘have given and granted, and by these presents do give and grant, unto the said J. W. Deane, county and probate judge aforesaid, and to his successors and assigns, in trust as aforesaid, the said tract above described, (describing the Aspen town site,) to have and to hold the same, together with all rights,.....unto the said J. W. Deane, county and probate judge as aforesaid, and to his successors and assigns as aforesaid.’”
It appears that prior to the grant to Judge Deane the town had become incorporated. The corporate authorities assuming to succeed to the trust of Judge Deane, and assuming *68 the right to dispose of the lots of the town, published a notice requiring claimants to file their respective claims within ninety days.
One George E. Triplett, within the designated time, filed a claim to the lot in controversy in this case. Afterwards Byron E. Shear was appointed by the board of trustees of the town of Aspen a commissioner to take proofs and make conveyances to claims. On the 8th day of December, 1884, Triplett, being the only claimant to the lot in controversy, paid-.for the same, and took a conveyance from Shear as commis-> si oner or agent of the corporate authorities of the .town. The lot afterwards, by mesne conveyances, became vested in the appellants.
On the 8th day of October, 1885, Thomas A. Rucker became county and probate judge of Pitkin county, and the successor of Judge Deane, who had, as is alleged, assigned- or transferred to him the property in trust for the purpose of-the grant. While acting by virtue of his office as trustee he conveyed the lot in controversy to one Bermudy, who after-wards conveyed it to appellees.
Afterwards, in July, 1887, M. G. Miller became county and probate judge, and successor in trust under the grant to Judge Rucker, and proceeded to advertise and notify claimants of lots to make applications and proofs of claims, and perfect the title to town lots claimed by them respectively. Both claimants to the lot in controversy, feeling insecure in their respective titles, filed their claims to the property with Judge Miller, and this suit was brought by appellants, (plaintiffs below,) to determine which party had the better title, and which was entitled to a further conveyance from the then county and probate judge.
Upon the coming in of the answer, a hearing having been had, the suit was dismissed, and from such judgment of dis-. missal this appeal was taken.
The case of Mayor of Aspen v. Aspen Town & Mining Company, 10 Colo. 191, appears to be conclusive in this case, not only as a precedent - but upon sound legal principles. *69 The conveyance to a claimant, to he effective, must have been made by the party holding the legal title. The patent from the United States government vested the title in Judge Deane, his successor and assigns, in trust “for the several use and benefit of the occupants thereof.” He being county and probate judge, his successors could only be, according to all authorities, those succeeding in an official capacity in the same office. He holding the legal title as grantee under the patent, his assigns could only be those who held title by virtue of a conveyance from him or a successor.
It is not necessary to inquire or determine whether a mistake was made by the Department of the Interior in issuing' the patent to Judge Deane, instead of to the corporate authorities of the town. It is clear that the patent was sufficient to pass the legal title to him in trust, and the corporate authorities of the town could not be a successor, and did not become an assignee for want of a conveyance from the grantee in the patent. It follows that all attempts of the corporate authorities, through Mr. Shear as commissioner, or otherwise, to receive proofs and applications and make titles to the respective claimants were unwarranted and ineffectual, hence, Triplett took no title.
Judge Rucker, as successor of Judge Deane, succeeded to the title in trust, and what title he had passed by the conveyance to Bermudy. This must bp regarded as an execution of the trust as to the lot in controversy on the part of the trustee. The power of the trustee was exhausted and the conveyance effectual to pass the title unless the transaction was or could be impeached for error or fraud.
As far as appellees are concerned we do not deem that any further conveyance or assurances were needed froto the successor of Judge Rucker, and the claim of title of appellants could not be entertained as before shown. The judgment of the court in dismissing the suit should be affirmed.

Affirmed.